UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LAFAYETTE SIMMONS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-285-JD-MGG |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Lafayette Simmons, a prisoner without a lawyer, filed a habeas corpus petition challenging disciplinary hearings ISP 16-09-256 and ISP 16-09-257, where a Disciplinary Hearing Officer (DHO) found him guilty of trafficking in violation of Indiana Department of Correction (IDOC) policy A-113 and participating in security threat group/unauthorized organizational activity in violation of IDOC B-208. As a result, he was sanctioned with the loss of 210 days earned credit time and was demoted from Credit Class 1 to Credit Class 2.

Simmons argues that the DHO did not have sufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

The Conduct Report in case ISP 16-09-256 charged Simmons as follows,

> On 3/24/2016 Case 16-ISP-0139 was opened regarding Offender Simmons # 127689. Offender Simmons # 127689 through an investigation was found to be the owner of a Blue Lg phone that was confiscated on 3/8/16 in a drain in cubical FW 79. Ownership was verified from text messages and photos within the phone. Offender Simmons was engaging in unauthorized financial transactions receiving Pay pal, and Western Union money transfers from civilians to buy and sell contraband to other inmates within the facility. Offender Simmons # 127689 is engaging in the trafficking of Tobacco, Marijuana and K-2 (Tune) in quantities.
> 16-ISP-0139 Found Substantiated for Trafficking

ECF 8-1. In this case, Simmons was charged and found guilty of trafficking in violation of IDOC A-113. This offense is defined as "[e]ngaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility." Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Indiana law defines the offense of trafficking as follows:

> (b) A person who, without the prior authorization of the person in charge of a penal facility or juvenile facility, knowingly or intentionally:
>    (1) delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility;
>    (2) carries, or receives with intent to carry out of the penal facility or juvenile facility, an article from an inmate or child of the facility; or
>    (3) delivers, or carries to a worksite with the intent to deliver, alcoholic beverages to an inmate or child of a jail work crew or community work crew…

Ind. Code § 35-44.1-3-5 (West).

The Conduct Report in Simmons' second case, ISP 16-09-257, charged Simmons as follows,

> On 3/24/16 Case 16-ISP-0139 was opened regarding Offender Simmons # 127689. Offender Simmons # 127689 through an investigation was found to be the owner of a Blue LG phone that was onfiscated (sic) on 3/8/16 in a drain in cubical FW 79. Ownership was verified from text messages and photos within the phone. Within the

2

> phone were conversations and text messages that identified Offender Simmons engauging (sic) in a Security Threat Group. Within the messages were also the Almighty Vice Lord Nation Creed and Obligation.
> 16-ISP-0139 Found Substantiated for Security Threat Group.

ECF 8-6. Simmons was then charged and found guilty of security threat group activity in violation of IDOC B-208. This offense is defined as,

> Engaging, pressuring or authorizing others to engage in security threat group or unauthorized organizational activities, meetings or criminal acts; displaying, wearing, possessing or using security threat group or unauthorized organizational insignia or materials; or, giving security threat group or unauthorized organizational signs. Unauthorized organizational activity shall include engaging in the above activities by or on behalf of an organization that has not been approved by the Department of Correction.

Adult Disciplinary Process: Appendix I.

The DHO had sufficient evidence to find Simmons guilty of violating both A-113 and B-208. The confidential investigation file contains photographic evidence that identifies Simmons as a user of the cell phone. The text messages discovered on the cell phone support the DHO's finding that Simmons was involved in trafficking tobacco, marijuana, and synthetic marijuana to other inmates within the facility, with the assistance of persons outside of the facility, in violation of A-113. Additionally, the cell phone contained the Almighty Vice Lord Nation Creed and Obligation, teachings and tenants of the organization, and text messages implicating the user of the phone as a member of the organization. This content constituted unauthorized organizational material pursuant to B-208. Moreover, the drug trafficking itself could be viewed as evidence of unauthorized organizational activity in violation of B-208. It was therefore not unreasonable for the DHO to find Simmons guilty of both charges.

Simmons argues that there was not sufficient evidence to find him guilty because (i) the phone was found in the drain of an open dorm that housed 300 inmates; and (ii) another inmate claimed to

be the owner of the phone. Both of his arguments ignore the fact that photographs of Simmons on the phone identify him as a user of the phone. Therefore, regardless of whether it is possible that other offenders also used the phone, it is clear that Simmons did. The DHO was not required to categorically exclude the possibility that other offenders used the phone in order to find Simmons guilty. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. Here, the DHO had sufficient evidence linking Simmons to trafficking and unauthorized organizational activity. Thus, Simmons is not entitled to habeas corpus relief based on the sufficiency of the evidence.

Simmons argues that he was not permitted to review the confidential investigative affairs file. However, "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . ." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Simmons had a right to have the evidence reviewed by the DHO — he did not have the right to personally review all of the evidence himself where the disclosure of the sensitive information in the file posed an obvious risk to the security of the facility. Therefore, Simmons is not entitled to habeas corpus relief on the basis that he was not permitted to review the investigation file.

If Simmons wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit C*ourt, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the habeas corpus petition (ECF 1) is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case. Lafayette Simmons is **DENIED** leave to proceed in forma pauperis on appeal.

4

**SO ORDERED.**

ENTERED: October 18, 2017

                                              /s/ JON E. DEGUILIO
                                        Judge
                                        United States District Court